# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN MAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-14-30-M |
| | ) |
| TRACY MCCOLLUM, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner John May, a state prisoner appearing pro se, filed a petition for a writ of habeas corpus ("Petition," Doc. No. 1).[1] Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Having reviewed the Petition and supporting documents, the undersigned recommends that it be dismissed.

## BACKGROUND

Petitioner asserts six grounds through which he seeks to challenge (1) his state-court conviction for first-degree murder, (2) the execution of his criminal sentence of life imprisonment without the possibility of parole, and (3) a $1,000 sanction levied against

---

[1] Citations to documents filed with the Court use the page numbers assigned by the Court's electronic filing system. When quoting documents filed by Petitioner, the undersigned has occasionally altered capitalization to improve readability. Petitioner states that he "can *not* read or write" but "verifies" that the Petition's contents are "true." Pet. at 3. Petitioner is currently incarcerated at the Oklahoma State Reformatory in Granite, Greer County, Oklahoma, which is within the federal judicial district of the Western District of Oklahoma. *See* Pet. at 3; 28 U.S.C. §§ 116(c), 2241(d).

him by a state-court judge. *See* Pet. at 1-3; Exhibits to Petition ("Pet. Exs."), Doc. No. 1-1, at 5. Liberally construed, Petitioner asserts that he is entitled to the following relief: (1) either having his conviction overturned based on new eyewitness evidence, having his sentence recognized as one for "45 years, minus credit deductions, as defined by the [Oklahoma] Legislature in 1997," or having his conviction considered by the Oklahoma Pardon and Parole Board for commutation; and (2) having the $1,000 sanction nullified. *See* Pet. at 1-3 (emphasis omitted). In this Report and Recommendation, Petitioner's asserted grounds, as well as other factual allegations and legal arguments, are addressed by category, specifically: Petitioner's challenges to his conviction under 28 U.S.C. § 2254, Petitioner's challenges to the execution of his sentence under 28 U.S.C. § 2241, and Petitioner's assertions falling within neither of those statutes.

Although not specified in the Petition, details of Petitioner's conviction and sentence, as well as his direct appeal and attempts to seek postconviction relief, are provided in state-court documents attached to and incorporated by reference in the Petition. *See* Pet. at 1, 3; Pet. Exs. Petitioner was convicted in the District Court of Bryan County, Oklahoma, of first-degree murder on January 17, 1995, after a jury trial, and sentenced to life imprisonment without the possibility of parole. *See* Pet. Exs. at 5 (*May v. Campbell*, No. PC-2013-962 (Okla. Crim. App. Nov. 7, 2013)), 11 (*State v. May*, No. CRF-1993-280 (Bryan Cnty. Dist. Ct. filed July 28, 1993)).[2] Petitioner's conviction

---

[2] The November 7, 2013 Order of the Oklahoma Court of Criminal Appeals reflects a conviction date of December 8, 1994. Pet. Exs. at 5. A Tenth Circuit decision denying

was affirmed on direct appeal to the Oklahoma Court of Criminal Appeals, and Petitioner has unsuccessfully sought postconviction relief in state court on multiple occasions. *See* Pet. Exs. at 5. On November 7, 2013, the Oklahoma Court of Criminal Appeals barred Petitioner from any further attempts to collaterally appeal his conviction. Pet. Exs. at 6.

In 2002, Petitioner sought habeas relief under 28 U.S.C. § 2254, and his petition was dismissed as untimely by the District Court for the Eastern District of Oklahoma. *May v. Workman*, 339 F.3d 1236, 1237-38 (10th Cir. 2003) (dismissing appeal). In 2011, Petitioner sought authorization from the Tenth Circuit under 28 U.S.C. § 2244(b)(2) to file a second or successive petition under § 2254, which was denied because Petitioner's claims of actual innocence and illiteracy did not rely upon either a new rule of constitutional law or new facts, as required for such authorization. *In re May*, No. 11-7032 (10th Cir. May 26, 2011).

As to his conviction, Petitioner asserts that new eyewitness testimony will exonerate him. Pet. at 2. Specifically, Petitioner asserts that Mr. Floy Fox of Stone Bluff, Oklahoma, saw someone other than Petitioner shoot the victim. Pet. Exs. at 18; *see also* Pet. at 2. In a document dated July 17, 2013, Petitioner asserts that this evidence

---

Petitioner a certificate of appealability reflects a conviction date of December 4, 1994. *May v. Workman*, 339 F.3d 1236 (10th Cir. 2003). Other evidence is consistent with a January 17, 1995 conviction, including an order issued by the convicting court (Pet. Exs. at 11), the docket sheet for Petitioner's direct appeal (*May v. State*, No. F-1995-46 (filed Jan. 18, 1995) (publicly available through http://www.oscn.net)), and publicly available records of the Oklahoma Department of Corrections. The precise date of conviction is not pertinent to the analysis in this Report and Recommendation, and, thus, discrepancies as to this date need not be resolved.

3

"could not be discovered until now" because, although Mr. Fox allegedly promptly disclosed the information to two other individuals via telephone, the two individuals were "Christian minister[s]" who were bound by "church confessional laws" not to disclose the information to others. *See* Pet. Exs. at 18. Petitioner does not state how the evidence was since discovered or present any corroborating evidence for the new assertions, such as a sworn (or unsworn) statement from Mr. Fox. *See* Pet. Exs. at 18-19; Pet. at 1-3. Instead, Petitioner asserts that Mr. Fox "can only testify in chambers," at which time Petitioner's newly asserted version of events "will. . . be proven." *See* Pet. Exs. at 18 (emphasis omitted). Petitioner further asserts that the state-court judge currently presiding over his case was previously involved in the prosecution of the case and now refuses to address Petitioner's new evidentiary claims. *See* Pet. at 2-3; Pet. Exs. at 16, 26, 30, 31-33, 36. Finally, Petitioner asserts that the alleged other shooter is a friend of the state-court judge. *See* Pet. at 2; Pet. Exs. at 31, 32.

As to the execution of his sentence—i.e., life imprisonment without parole—Petitioner presents two challenges. First, Petitioner asserts that due to state statutory changes in 1997, "he [will have] discharge[d] his life sentence after 45 years, minus credit deductions." Pet. at 1 (emphasis omitted). Second, Petitioner asserts that his sentence is eligible for commutation consideration but that he has been denied such consideration. *See* Pet. at 1, 2, 3. Petitioner states that the exhibits attached to his Petition "show[] denial of commutation consideration *and* discharge of sentence." Pet. at 1.

Finally, as to the $1,000 state court sanction, Petitioner contends that it was imposed "*without* due process of a hearing *and* should be removed from the case, *or* habeas is warranted." Pet. at 2. Petitioner further contends that such sanctions are impermissible because the judge who imposed the sanction was previously involved in the prosecution of Petitioner's criminal case. *See id.*

ANALYSIS

When a petitioner challenges the validity of his conviction, the claim is properly construed as one under 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). However, when a petitioner challenges the execution of his sentence, the claim is properly construed as one under 28 U.S.C § 2241. *See id.*; *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). Here, Petitioner is challenging both his conviction and the execution of his sentence, and, thus, his Petition is construed as a hybrid petition that includes claims under both 28 U.S.C. §§ 2254 and 2241. As to Petitioner's claims regarding the state-court imposed monetary sanction, however, the claims are beyond the scope of habeas relief. These claims are addressed in turn below.

*A. Whether Petitioner's Claims Under 28 U.S.C. § 2254 Should Be Dismissed*

As noted, Petitioner has previously sought to challenge his conviction under 28 U.S.C. § 2254. *See In re May*, No. 11-7032 (10th Cir. May 26, 2011); *May*, 339 F.3d at 1237. Before filing a second or successive petition under § 2254 in federal district court, a petitioner is required to obtain authorization from the appropriate court of appeals. 28

U.S.C. § 2244(b)(3)(A). Petitioner did not obtain such authorization from the United States Court of Appeals for the Tenth Circuit before filing his current Petition.[3] *See* 28 U.S.C. §2244(b)(3)(A). Thus, to the extent the Petition is brought under 28 U.S.C. § 2254, this Court must either dismiss the Petition for lack of subject matter jurisdiction or, "if it is in the interest of justice," transfer the Petition to the Tenth Circuit for consideration of whether the requisite authorization should be granted. *See* 28 U.S.C. § 1631; *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam).

Factors in favor of transferring a petition to cure a jurisdictional defect include circumstances in which a petitioner may have filed the action in good faith but in ignorance of the authorization requirement, as well as circumstances in which the claims, if dismissed, would be time-barred if refiled in a new action. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). Petitioner has previously sought

---

[3] A claim of actual innocence based on newly discovered evidence may, under certain circumstances, be brought under an exception to procedural and limitations-based bars—including some such bars imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA")—to prevent a miscarriage of justice. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931-32 (2013). The miscarriage of justice exception, however, is restricted by AEDPA as to second or successive petitions. *See id.* at 1933-34 (limiting holding to first-time federal habeas petition and discussing, in dicta, Congress's intent with AEDPA to "constrain[]" second or successive habeas petitions invoking the miscarriage of justice exception). Thus, while in *McQuiggin* the Supreme Court held that a claim of actual innocence in a first petition for federal habeas relief may be made without regard to certain of AEDPA's procedural bars, the decision does not eliminate the requirement that a petitioner bringing a second or successive petition with a claim of actual innocence obtain authorization from the appropriate circuit court before a district court may consider the petition. *See id.*; 28 U.S.C. § 2244(b)(3)(A); *In re Warren*, 537 F. App'x 457, 457-58 (5th Cir. 2013).

such authorization and, thus, cannot be said to have filed the Petition in ignorance of this requirement. *See In re May*, No. 11-7032 (10th Cir. May 26, 2011); *Coleman*, 106 F.3d at 341. Further, Petitioner's assertion of actual innocence based on newly discovered evidence provides an exception to AEDPA's statute of limitations if his claims are dismissed and authorization is later sought from the Tenth Circuit by Petitioner. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1935-36 (2013); *cf. Doe v. Jones*, 762 F.3d 1174, 1182-83, 1184 (10th Cir. 2014) (discussing *McQuiggin* and affirming dismissal of petition in lieu of stay while petitioner exhausted state claims of actual innocence).

In addition to these concerns, there are substantive issues that counsel against transfer. Successful actual innocence claims are rare due to the strong evidentiary requirements. *See McQuiggin*, 133 S. Ct. at 1928, 1931, 1936; *House v. Bell*, 547 U.S. 518, 538 (2006); *see also Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) (noting Supreme Court has never extended miscarriage of justice exception to "freestanding" actual innocence claim). Here, Petitioner has put forth only his own allegation that newly discovered evidence—i.e. a new eyewitness with knowledge of exonerating facts—exists. Petitioner has previously stated, under penalty of perjury in a federal habeas petition, that he acted in self-defense, while engaged in "mutual combat" with the victim. *See* Pet. at 5, 8, 9, *May v. Workman*, No. 02-cv-649-JHP-KEW (E.D. Okla. filed Nov. 21, 2002) (transferred from *May v. Workman*, No. 02-cv-867-CVE-FHM (N.D. Okla. filed Nov. 15, 2002)). Petitioner has not addressed the inherent inconsistencies between these earlier statements and his current assertion that someone else shot the victim. These unexplained inconsistencies, as well as the minimal support put forth by Petitioner as to

7

his newly asserted claims, further militate against transferring the Petition in the interest of justice to the Tenth Circuit for consideration of authorization.

Accordingly, the undersigned concludes that it is not in the interest of justice to transfer the Petition to the Tenth Circuit and, thus, recommends dismissal of the Petition for lack of subject-matter jurisdiction to the extent that Petitioner is challenging his state-court criminal conviction.

### B. Whether Petitioner's Claims Under 28 U.S.C. § 2241 Should Be Dismissed

As discussed above, Petitioner—in addition to asserting grounds challenging the validity of his conviction—also asserts grounds that challenge the execution of his sentence. Specifically, raising questions as to what life imprisonment means under Oklahoma law, Petitioner contends that he should be released from custody "after 45 years, minus credit deductions." *See* Pet. at 1 (emphasis omitted). Petitioner also asserts that his punishment has been improperly enhanced by a purported refusal to consider his sentence for commutation. Pet. at 3.

This is a claim properly brought under 28 U.S.C. § 2241. *See Hamm*, 300 F.3d at 1216. Such a challenge requires the petitioner to establish that his detention in state custody violates the United States Constitution or other federal law, entitling him to a lesser confinement period or immediate release. *See* 28 U.S.C. § 2241(c)(3); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). As discussed below, however, Petitioner's claims are not cognizable under § 2241.

Contrary to Petitioner's assertions, a life sentence in Oklahoma is simply that—a convicted offender is required to remain in the custody of the Oklahoma Department of

Corrections ("ODOC") for the remainder of his or her natural life. *See* Pet. at 1, 3; Okla. Stat. tit. 21, § 701.9(A) (setting forth punishment options for first-degree murder); *Littlejohn v. Trammell*, 704 F.3d 817, 827 (10th Cir. 2013); *Hawkins v. State*, 46 P.3d 139, 148-49 (Okla. Crim. App. 2002) (finding "no immediate problem" with proposed jury instruction to define "life without parole" as "imprisonment for the balance of the defendant's natural life without the possibility of ever being considered for parole"). Although Petitioner is correct that in 1997 the Oklahoma Legislature defined "life imprisonment" as "a period of not less than eighteen (18) years nor more than sixty (60) years," this provision was repealed in 1999 before taking effect.[4] *See* Pet. at 1; Pet. Exs. at 1, 9; Oklahoma Truth in Sentencing Act, ch. 133, § 4(6), 1997 Okla. Sess. Laws 501, 512 (to be codified at Okla. Stat. tit. 21, § 14(6)), *amended by* Truth in Sentencing—Amendments—Change of Effective Dates, ch. 2, § 23, 1998 Okla. Sess. Laws 2538, 2564, *repealed by* Truth in Sentencing—Repealer, ch. 5, § 452, 1999 Okla. Sess. Laws 2328, 2535; *see Easterwood v. Beck*, 247 F. App'x 145, 147 (10th Cir. 2007); *see also* Truth in Sentencing Act—Clarification of Intent of House of Representatives—Statement

---

[4] Even if the provision had become effective, its applicability would have been prospective only. *See Duncan v. Champion*, No. 99-6029, 1999 WL 1009572, at *1 (10th Cir. Nov. 8, 1999). Thus, such provision would not have provided a mechanism for amendment of Petitioner's life sentence, imposed in 1995.

9

of Response of the Senate to Actions by the House, H.R. Res. 1044, 47th Leg., 1st Reg. Sess., 1999 Okla. Sess. Laws 2259.[5]

Petitioner asserts that the "scheme he was sentenced under . . . mandate[s] [that] he be considered for commutation, but Respondents refuse." Pet. at 2 (emphasis omitted); *see also* Pet. at 3. Petitioner further asserts that the exhibits attached to his Petition "show[] denial of commutation consideration." Pet. at 1.

Commutation—i.e., a sentence modification in which a lesser punishment is substituted for a greater one—is a type of clemency that, in Oklahoma, may be granted only by the Governor in his or her discretion and subject to certain limitations. *See* Okla. Const. art. VI, § 10; Okla. Stat. tit. 57, § 332; *Ex parte Warren*, 265 P. 656, 657 (Okla. Crim. App. 1928). Consideration for commutation is not automatic; it must be properly requested. *See* Okla. Const. art. VI, § 10; Okla. Stat. tit. 57, § 332.2(B) (requiring prisoner to seek consideration by making application to Oklahoma Pardon and Parole

---

[5] Aside from the language of Title 21, Section 701.9(A) of the Oklahoma Statutes, authorizing a punishment of "imprisonment for life without parole" for first-degree murder, and the absence of any current Oklahoma statute establishing a term of years for a life sentence, the fact that Oklahoma defines a life sentence as the full remainder of the prisoner's natural life may be seen in Title 21, Section 62.1 of the Oklahoma Statutes. That statute provides that upon a conviction of a crime that is punishable by a range of years of imprisonment with no upper limit, an Oklahoma court "may, in its discretion, sentence such offender to imprisonment during the natural life of the offender, or for any number of years not less than such are prescribed." Okla. Stat. tit. 21, § 62.1. The statute's reference to a prisoner's "natural life" would be inapposite if Oklahoma defined life imprisonment as being for a fixed term of years.

Board in accordance with specified procedures).[6] Contrary to Petitioner's assertion above, Petitioner's exhibits do not reflect that he has been denied consideration for commutation. One exhibit shows that Petitioner requested and was denied a *parole* hearing date because "[o]ffenders sentenced to life without parole are not eligible for parole." *See* Pet. Exs. at 15 (undated letter). Petitioner offers no evidence that he has requested or been denied *commutation*, a separate type of sentence relief from the granting of parole.[7]

Regardless of any misapprehensions by Petitioner regarding Oklahoma law, either as to the definition of a life sentence or the availability of commutation, the more pertinent point is that Petitioner has not established that he is being held in state custody in violation of *federal* law, as required for a writ of habeas corpus to issue under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3). The Supreme Court has upheld the constitutionality of sentences for the duration of an offender's natural life when such

---

[6] Title 57, Section 332.2 of the Oklahoma Statutes was amended in 2013 to set forth additional procedures in the process of applying for commutation. Act of April 23, 2013, ch. 124, § 1, 2013 Okla. Sess. Laws 550, 551-53 (codified as amended at Okla. Stat. tit. 57, § 332.2). Even before these amendments and prior to Petitioner's conviction, Title 57, Section 332.2(A) required that an application be submitted to receive consideration for commutation. *See, e.g.*, Act of June 7, 1993, ch. 325, § 21, 1993 Okla. Sess. Laws 1767, 1785.

[7] In other court filings, Petitioner appears to be aware of the differences between parole and commutation. In a document that Petitioner addressed to the Oklahoma Supreme Court and included among the Petition's Exhibits, Petitioner argues that an Oklahoma statute governing consideration for parole should also apply to prisoners who may be eligible for commutation, urging that such consideration should occur automatically after certain conditions are met. *See* Pet. Exs. at 8-9 (citing Okla. Stat. tit. 57, § 332.7(A)).

sentences were not grossly disproportionate to the crime committed. *See Ewing v. California*, 538 U.S. 11, 20-24, 28-31 (2003) (discussing relevant jurisprudence and upholding sentence of 25 years to life imprisonment for repeat felony offender); *see also Harmelin v. Michigan*, 501 U.S. 957, 966-85 (1991). Federal statutory law expressly permits a sentence of imprisonment for the duration of an offender's natural life upon conviction of certain crimes, including first-degree murder. *See* 18 U.S.C. §§ 1111(a)-(b), 3559(a)(1), 3581(b)(1). Further, to the extent that federal law provides any protection in a state's discretionary clemency process, no such protections are applicable here because Petitioner offers no indication that he has even begun that clemency process—appearing instead to have requested a parole hearing for which he is ineligible. *See* Pet. Exs. at 15; *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464-65 (1981); *Duvall v. Keating*, 162 F.3d 1058, 1060-62 (10th Cir. 1998); *see also Ward v. Province*, 283 F. App'x 615, 618 (10th Cir. 2008) ("The [Oklahoma Pardon and Parole] Board has discretion to decide whether to consider an offender for clemency, so there is no constitutionally protected liberty interest."). Because Petitioner has not stated a cognizable claim under 28 U.S.C. § 2241, his Petition should be dismissed without prejudice to the extent that Petitioner is challenging the execution of his sentence.[8]

---

[8] Given this recommendation, the undersigned declines to address other potential grounds for dismissal such as the timeliness of the Petition or whether Petitioner has failed to properly exhaust state remedies. *See Day v. McDonough*, 547 U.S. 198, 207-10 (2006); *Montez v. McKinna*, 208 F.3d 862, 864-66 (10th Cir. 2000).

*C. Whether Petitioner's Claims Regarding a State-Court Imposed Monetary Sanction Should Be Dismissed*

Petitioner seeks to have this Court vacate a $1,000 sanction imposed upon him by a state court. Pet. at 2, 3. In general, a habeas proceeding addresses whether a prisoner is being held in violation of federal law. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). Such a proceeding "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh*, 115 F.3d at 812 (internal quotation marks omitted). Petitioner alleges that a state court judge imposed a monetary sanction upon Petitioner "without due process of a hearing." *See* Pet. at 2 (emphasis omitted). Petitioner does not allege that this monetary sanction affects the fact or duration of his confinement. *See* Pet. at 2, 3. Thus, Petitioner's claim regarding the monetary sanction is not a cognizable claim for habeas relief. Accordingly, the Petition should be dismissed without prejudice to the extent that Petitioner is attempting to challenge the monetary sanction through his habeas petition.

To the extent Petitioner is attempting to allege a civil rights violation, the undersigned recommends dismissal without prejudice in lieu of construing the claim as one under 42 U.S.C. § 1983. Petitioner's sparse and conclusory factual allegations are insufficient to state a claim upon which relief may be granted, even if relief could be granted against Respondent as to the sanction. *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (setting forth standard for stating a plausible claim to relief); *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (setting forth basic due process

considerations); *Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976) (same); *see also* 28 U.S.C. § 1915A(b).[9]

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition be dismissed without prejudice.[10] *See* R. 1(a)(1), 1(b), 4, Rules Governing Section 2254 Cases in the United States District Courts.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by December 17, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[9] Petitioner lists six grounds for relief in his Petition. As noted, the undersigned has considered Petitioner's contentions by category based on the most reasonable construction of the claims raised. Two of the grounds for relief asserted by Petitioner are that: (1) "The state admitted, state courts suspended due process and habeas corpus, and denied access to courts, warranting habeas relief;" and (2) "State courts refuse to comply with or enforce their own court rules, or state statutes as set out in the attached, war[r]anting habeas relief." Pet. at 1. To the extent these assertions are not duplicative or derivative of the claims made in the remainder of the Petition, they should be dismissed—given the lack of factual support and cognizable legal theory—for failure to state a claim upon which relief may be granted.

[10] In his Petition, Petitioner also seeks the appointment of counsel. Pet. at 3. Based on the recommendation of dismissal, the undersigned recommends that the appointment of counsel be denied.

This Report and Recommendation terminates the referral in the present case. The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation on Respondent and on the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us. *See* R. 1(a)(1), 1(b), 4, Rules Governing Section 2254 Cases in the United States District Courts.

ENTERED this 26th day of November, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE